**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7386**

EUGENE PETER SCHULER,

             Petitioner - Appellant,

      v.

HAROLD CLARKE, Director, VDOC,

             Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:16-cv-01151-LMB-JFA)

Submitted:  February 25, 2020                    Decided:  March 6, 2020

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Eugene Peter Schuler, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Peter Schuler seeks to appeal the district court's orders denying his 28 U.S.C. § 2254 (2018) petition, his Fed. R. Civ. P. 60(b)(6) motion, and his request for leave to amend his Rule 60(b)(6) motion. We dismiss in part and affirm in part.

Beginning with the first two orders, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order denying Schuler's § 2254 petition on November 9, 2016, and denied his Rule 60(b) motion on July 19, 2019. Schuler filed the notice of appeal on August 30, 2019.[1] Because Schuler failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period as to the order denying the § 2254

---

[1] For purposes of this appeal, we assume that the date appearing on the notice of appeal's cover page is the earliest date Schuler could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

petition or the order denying the Rule 60(b) motion, we dismiss the appeal from those orders.[2]

Turning to Schuler's appeal from the denial of his request for leave to amend the Rule 60(b) motion, we confine our review to the issues raised in the Appellant's brief. *See* 4th Cir. R. 34(b). Because Schuler's informal brief does not challenge the basis for the district court's denial of his request for leave to amend his Rule 60(b) motion, Schuler has forfeited appellate review of that order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document under Fourth Circuit rules; our review is limited to issues preserved in that brief."). Accordingly, we affirm the district court's order denying Schuler's request for leave to amend the Rule 60(b) motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[2] Additionally, we note that Schuler previously appealed the November 9, 2016, order, *see Schuler v. Clarke*, 689 F. App'x 186 (4th Cir. 2017) (No. 16-7762), and is not entitled to file a second appeal from that order.